IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

AMBER N. BELLEGARDE                                                                                      PLAINTIFF

           v.                                       Civil No. 13-3041

CAROLYN W. COLVIN,[1] Commissioner
Social Security Administration                                                                           DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Amber N. Bellegarde, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for disability insurance benefits ("DIB") and supplemental security income under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.      Procedural Background**

Plaintiff applied for DIB and SSI on October 27, 2010. (Tr. 11.) Plaintiff alleged an onset date of February 15, 2005 due to back injury, arthritis, depression, bipolar disorder, pinched nerve in lower back, knee problems, and head injury in 2005. (Tr. 175.) Plaintiff's applications were denied initially and on reconsideration. Plaintiff requested an administrative hearing, which was held on in front of Administrative Law Judge ("ALJ") Harold Davis. (Tr. 27.) Plaintiff was present to testify and was represented by counsel. The ALJ also heard testimony from Vocational Expert ("VE") Dr. Larry Seifert. (Tr. 27, 110.)

At the time of the administrative hearing, Plaintiff was 29 years old, and possessed a high school education and Certified Nursing Assistant ("CNA") training from North Arkansas College. (Tr. 176.) The ALJ noted that Plaintiff had past relevant work experience ("PRW") of injection molding machine tender.

---

[1]Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

(Tr. 20.) The ALJ also noted work as a CNA in an earlier portion of the opinion, but did not list it as PRW. (Tr. 13.)

On March 9, 2012, the ALJ concluded that Plaintiff suffered from the following severe impairments: scoliosis of the spine, chronic low back pain syndrome, and major depression. (Tr. 14.) The ALJ found that Plaintiff maintained the residual functional capacity to perform light work, except she is limited to "performing work involving tasks and simple instructions and is further limited to only incidental contact with the public." (Tr. 15.) With the assistance of the VE, the ALJ determined that the Plaintiff could perform her PRW position as an injection molding machine tender. (Tr. 20-21.) No other position options were offered.

Plaintiff requested a review by the Appeals Council on March 19, 2012. (Tr. 5.) The Appeals Council declined review on January 25, 2013. (Tr. 1.) Plaintiff filed this appeal on March 18, 2013.( ECF. No. 1.) Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 10, 11.)

## II.     Applicable Law

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Id*. "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision." *Id.* As long as there is substantial evidence in the record to support the Commissioner's decision, the court may not reverse the decision simply because substantial evidence exists in the record to support a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). If the court finds it possible "to draw two inconsistent positions from the evidence, and one of those positions represents the Secretary's findings, the court must affirm the decision of the Secretary." *Cox*, 495 F.3d at 617 (internal quotation and alteration omitted).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see* 42 U.S.C. § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months. *Titus v. Sullivan*, 4 F.3d 590, 594 (8th Cir. 1993).

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

### III.  Discussion

Plaintiff raises several issues on appeal. However, because this Court finds that a remand is required due to the lack of a Physical RFC assessment by a medical professional, it is not necessary to reach those issues.

The Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001) Therefore, a claimant's RFC assessment "must be based on medical evidence that addresses the claimant's ability to function in the workplace.""An administrative

3

law judge may not draw upon his own inferences from medical reports."*Nevland v. Apfel*, 204 F.3d 853, 858 (8th Cir. 2000). Instead, the ALJ should seek opinions from a claimant's treating physicians or from consultative examiners regarding the claimant's mental and physical RFC. *Id.*; *Strongson v. Barnhart,* 361 F. 3d 1066, 1070 (8th Cir. 2004.)

In this case, Plaintiff both alleged and testified to physical issues. (Tr. 175, 37, 43-44.) She provided objective medical records regrading physical issues. (*See e.g.* Tr. 565, 578.) The ALJ found that she had severe physical impairments. (Tr. 14.) However, no Physical RFC assessment was ever completed by a medical professional. Thus, it appears that the ALJ determined the physical portion of his Overall RFC based on his own inferences from the medical records. This requires a remand.

On remand, the ALJ is directed to order a consultative physical examination. The examining physician must complete a Physical RFC assessment. The ALJ is then directed to reference this information in formulating the Plaintiff's Overall RFC.

In addition, this Court also notes an error in the opinion concerning the drugs being taken by Plaintiff. The ALJ noted at least twice that she is only taking over-the-counter medications for pain. (Tr.16, 17.) However, the Plaintiff testified and provided information that she is taking Flexeril. This drug is a prescription medication intended for "relief of muscle spasm associated with acute, painful musculoskeletal conditions." http://www.pdr.net/drug-summary/cyclobenzaprine-hydrochloride?druglabelid=3089&id=806 (accessed July.10, 2014.)  This omission is perhaps understandable given that the Plaintiff testified at one point in the hearing that this medication was not for pain, but then included it as a pain medication at another point in the hearing. (Tr. 38, 41.) However, it is the ALJ"s duty to use correct information from all relevant evidence in formulating his opinion. *See e.g. Davidson v. Astrue*, 578 F.3d 838, 844 (8th Cir. 2009) (quoting *Lacroix v. Barnhart*, 465 F.3d 881, 887 (8th Cir.2006) ("The ALJ should determine a claimant's RFC based on all the relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of his limitations.")

AO72A
(Rev. 8/82)

On remand, the ALJ is also directed to correctly identify the Plaintiff's current medications and their side effects.

## IV. Conclusion

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence and should be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 11th day of July 2014.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A (Rev. 8/82)